IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                             Case No. 16-CR-20022-JAR-02

GARY JORDAN,

    Defendant.

## ORDER

Defendant Gary Jordan is currently serving a 30-year sentence after pleading guilty to armed bank robbery and firearm charges. This matter is before the Court on Jordan's Motion for Order Lifting Separatee Order (Doc. 194). Defendant states that while the underlying criminal matter was pending, the government requested a separatee order directing prison officials to maintain the separation of Defendant and co-defendant Danille Morris while they were detained at Corrections Corporation of America ("CCA") in Leavenworth, Kansas.[1] He further states that the separatee order has been in place for seven years and has apparently followed Defendants to their respective federal correctional institutions after sentencing.[2] Defendant claims that Morris is his wife and requests the Court lift the separatee order so that they might communicate via telephone and regular mail. He does not indicate whether Morris joins him in this request.

By law, the Bureau of Prisons ("BOP") is charged with designating a prisoner's place of imprisonment.[3] An inmate's classification is a condition of confinement reserved for

---

[1] CCA was later renamed CoreCivic and shuttered in December 2021.

[2] Defendant Jordan is presently incarcerated at FCI Greenville and Defendant Morris is at FCI Pekin.

[3] 18 U.S.C. § 3621(b).

determination by federal prison officials.[4]  The determination as to whether to separate inmates is within the BOP's discretion and generally not reviewable in federal court.[5]  The United States Marshal has confirmed that former Assistant United States Attorney Shari Catania requested the separatee order in March 2016, that the order may be lifted only upon request by the requesting agency, and that neither Catania nor the United States Attorney's Office has requested the order be lifted.  Accordingly, this Court does not have jurisdiction to grant Defendant the relief he seeks.

In so ruling, the Court notes that under BOP regulations, an inmate may seek review of any issue relating to his confinement by attempting informal resolution with BOP staff and, if that fails, by submitting a formal request for an administrative remedy to the institution where he is incarcerated.[6]  Defendant does not indicate in his motion whether he has pursued his administrative remedies with BOP staff.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Gary Jordan's Motion for Order Lifting Separatee Order (Doc. 194) is **dismissed** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: October 19, 2023

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[4] *Schlobohm v. Ash*, No. 23-3014-JWL, 2023 WL 346081, at *6 (D. Kan. Jan. 20, 2023) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

[5] *See id.* (discussing inmate's placement in administrative segregation) (citing *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994)); *see also* 28 C.F.R. § 524.72(f) (setting forth factors to consider in determining whether inmates should be separated).

[6] 28 C.F.R. § 542.10, *et seq.*