# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES, | |
| **Plaintiff,** | |
| **v.** | **Case No. 16-20022-JAR** |
| GARY JORDAN, | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Defendant Gary Jordan's Motion for

Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 246).[1]  The Government

has filed a response brief.  Defendant did not reply.  As explained more fully below, the Court

dismisses Defendant's motion.

## I.    Background

In 2016, Defendant pled guilty to one count armed bank robbery, one count discharge of

a firearm during a bank robbery and one count possession of a firearm by a felon.[2]  The Court

imposed a sentence of 360 months of imprisonment: 240 months on Count 1, 120 months

consecutive on Count 2 and 120 months concurrent on Count 3.[3]  Defendant filed a direct appeal

with the Tenth Circuit Court of Appeals, which affirmed Defendant's sentence.[4]  Defendant filed

a § 2255 motion; this Court denied that motion[5] and the Tenth Circuit affirmed this Court's

---

[1] Because Defendant appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court will not act as his advocate.  *Id.*

[2] Doc. 45.

[3] Doc. 74.

[4] Doc. 135.

[5] Doc. 215.

denial of the motion.[6]  On September 29, 2025, Defendant filed the instant motion seeking

compassionate release.

## II.    Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once

it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such

exception is contained in § 3582(c)(1)."[7]  Section 3582(c)(1)(A), as amended by the First Step

Act of 2018,[8] permits a court to reduce a term of imprisonment "upon motion of the defendant

after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier."

Before reducing a term of imprisonment under the compassionate release provision, a

court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2)

such a reduction is consistent with "applicable policy statements issued by the Sentencing

Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support

such a reduction.[9]  The Court may deny a § 3582(c)(1)(A) motion "when any of the three

prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[10]  If

the Court grants the motion, however, it must address all three steps.[11]

---

[6] Doc. 244.

[7] *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021) (alteration in original) (citations omitted) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[8] Pub. L. No. 115-391, 132 Stat. 5194.

[9] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[10] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[11] *McGee*, 992 F.3d at 1043 (quoting *United States Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

### III.    Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the Government may waive or forfeit.[12]  But when "properly invoked," mandatory claim-processing rules "must be enforced."[13]  Here, Defendant provides no evidence that he submitted a request for compassionate release to the Warden.  Because the exhaustion requirement is a mandatory condition that has been properly invoked by the Government, the Court must dismiss Defendant's motion without prejudice to filing a new one if and when he exhausts his administrative remedies.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Gary Jordan's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 246) is **dismissed without prejudice to refiling** once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

Dated: October 21, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[12] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[13] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017); *see also United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here."); *United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *3–4 (10th Cir. Dec. 3, 2021) (enforcing exhaustion requirement because the government properly invoked it).